IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PROFESSOR MASAHIRO IIDA,**<br>*Plaintiff*<br><br>-vs-<br><br>**INTEL CORPORATION,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **6:22-CV-00662-ADA** |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Intel Corporation's Motion for Intra-District Transfer pursuant to 28 U.S.C. § 1404(a), filed on September 23, 2022. ECF No. 33. Plaintiff Professor Masahiro Iida filed his response on December 30, 2022 (ECF No. 46), and Defendant replied on January 13, 2023 (ECF No. 49). After careful consideration, the Court **GRANTS** Defendant's motion to transfer and **TRANSFERS** this case to the Austin Division of the Western District of Texas.

### I.  FACTUAL BACKGROUND

Plaintiff filed this lawsuit on June 24, 2022, alleging that Defendant's manufacturing and distribution of Field Programmable Gate Array chips and System-on-Chip chips ("Accused Products") constitute an infringement of the United States Patent No. 6,812,737. ECF No. 1 at 1.

### II.  LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where

1

it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267,

at *7 (E.D. Tex. November 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III. DISCUSSION

As noted above, the preliminary question in the transfer analysis is whether the action could have been brought in the destination venue. *Volkswagen II*, 545 F.3d at 312. Here, Defendant argues, and Plaintiff does not dispute, that the venue is proper in the Austin Division and that the suit could have been filed there. *See generally* ECF Nos. 33, 46. Furthermore, both parties agree that the factors of availability of compulsory process, court congestion, familiarity with governing law, and conflict of laws are neutral. ECF No. 33 at 13–14; ECF No. 46 at 19. With the preliminary question and the aforementioned factors agreed, the Court now proceeds to weigh the remaining factors that are subject to disputes to determine whether a transfer is warranted.

### A.   The Convenience of Witness Factor Weighs Slightly in Favor of Transfer

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). The relative convenience to key witnesses is accorded greater weight in the venue transfer analysis than non-key witnesses." *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 WL 8013949, at *4 (citing *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d 759, 762-63 (S.D. Tex. 2009)). It is an "obvious conclusion" that it is more convenient for witnesses to testify at home. *Volkswagen I*, 371 F.3d at 205. For out-of-state witnesses, the Austin and Waco Divisions are deemed equally convenient. *Future Link Sys., LLC v. Advanced Micro Devices, Inc.*, No. 6:20-CV-01176-ADA, 2021 WL 6015535, at *3 (W.D. Tex. October 18, 2021).

Defendant argues that this case should be transferred to the Austin Division due to the convenience of witnesses. ECF No. 33 at 6. Three potential witnesses identified by Plaintiff currently work from Defendant's facilities in Austin, Texas, and it is more convenient for them to testify in Austin rather than in Waco. *Id*. Additionally, for the out-of-state Intel personnel with knowledge of the Accused Products, who are based in California, Canada, or Malaysia, Defendant contends that it is both cheaper and quicker for them to testify in Austin rather than Waco. ECF No. 33 at 6–7. Plaintiff argues that the convenience of witnesses factor weighs against transfer because the three Intel employees who work in Austin are not key witnesses. ECF No. 46 at 14. Plaintiff contends that all the key witnesses are Intel employees who were involved in the development of Accused Product in the early 2000s, and their last known locations are either California or Canada. *Id*. Plaintiff argues that the Austin and Waco Divisions are equally convenient for out-of-state witnesses. *Id*.

This Court finds that the factor of convenience of witnesses slightly favors transfer due to the location of certain key witnesses. One potential witness identified by Plaintiff, Biyun Zhou, has been developing firmware for one of the Accused Products since 2016. ECF No. 1 at n.8; ECF No. 35-2 at 1. Additionally, Defendant identifies two Austin-based employees: one responsible for creating data sheets for Accused Products, and the other has knowledge about the functionality of the local sector manager of the Accused Products. ECF No. 35-2 at 2. The Court considers these three individuals as potential key witnesses because they have up-to-date technical knowledge of the Accused Products. However, the factor of convenience of witnesses does not weigh in favor of transfer for potential key witnesses based in California, Canada, or Malaysia, because they would have to travel a significant distance regardless of whether they testify in Austin or Waco.

*In re Apple*, 979 F.3d at 1342. Because key technical witnesses are located in Austin and none are located in Waco, the Court finds that this factor weighs slightly in favor of transfer.

### B. The Relevant Sources of Proof Factor Weighs in Favor of Transfer

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

Defendant argues that its technical documents relevant to the Accused Products are created and maintained in the Austin Division and outside of Texas. ECF No. 33 at 11. In addition, Defendant's employees who possess access to these relevant technical documents are based in Austin rather than in Waco. *Id*. Therefore, the relevant sources of proof in this case are comparatively more accessible in the Austin Division. *Id*. Plaintiff argues that Defendant's technical documents seem to be stored in California or Canada, and that the relevant document custodians would also be located at those locations. ECF No. 46 at 16. In addition, datasheet claimed to be created by Defendant's Austin employee is readily available online. *Id*. Therefore, the factor of relevant sources of proof is neutral. *Id*.

This Court finds that the relevant sources of proof factor slightly favor transfer. As Plaintiff acknowledges, Defendant's technical documents are typically created and stored locally by its document custodians, and Defendant's Austin facilities play a pivotal role in designing and selling the Accused Products. *See* ECF No. 46 at 16; ECF No. 1 ¶¶ 26–27. Defendant has no facilities or

5

employees in Waco, it is clear that the relevant sources of proof in this case are more accessible in Austin rather than Waco. ECF No. 33 at 9. Even though there are likely relevant documents located across the Unites States and abroad, there are likely easier access to some sources of proof in the Austin Division. The Court finds that this factor weighs slightly in favor of transfer.

### C. The Practical Considerations Factor Weighs Is Neutral

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010). However, the Federal Circuit has suggested that it is an error to determine that this factor strongly disfavors transfer based primarily on co-pending litigation with pending motions to transfer. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. February 23, 2017).

The relevant inquiry under this factor is whether the circumstances in either forum would make trial of the matter easier, more expeditious, or less expensive. *Volkswagen II*, 545 F.3d at 314. While Plaintiff argues that the case is still in its early stages, the Court notes that stage the case is at not something that makes trial easier, more expeditious, or less expensive. ECF No. 33 at 8. The Court finds that this factor is neutral.

### D.     The Local Interest Factor Weighs in Favor of Transfer.

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. July 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Defendant contends that Austin Division has more interest in and connection to the outcome of this case compared to the Waco Division because Defendant has multiple facilities and numerous employees in Austin. ECF No. 33 at 12–13. Plaintiff argues that these elements do not establish a local interest specific to the Austin Division since Defendant's Austin employees are not key witnesses. ECF No. 46 at 19. However, Plaintiff does not identify any interest at all that the Waco division possesses. *Id*. The Court finds that the Austin Division holds a stronger local interest because Austin is where the events forming the basis for infringement occurred. Plaintiff accuses the manufacturing and distribution of the Accused Products of infringing the '737 Patent. ECF No. 1 at 1. Moreover, Plaintiff identifies that Defendant's operations relating to the design and sale of the Accused Products have been, and continue to be, planned and executed in Austin.

7

ECF No. 1 ¶ 26. Since the accused infringement takes place in Austin, the Austin Division has a slightly more significant local interest than the Waco Division.

## IV. CONCLUSION

Having considered the private and public interest factors, the Court finds that five of the factors are neutral and three favor transfer. **IT IS THEREFORE ORDERED** that Defendant's Motion for Intra-District Transfer pursuant to 28 U.S.C. § 1404(a) is **GRANTED** (ECF No. 33) and that the above-styled case be **TRANSFERRED** to the Austin Division but remain on the docket of United States District Judge Alan D Albright. **IT IS FURTHER ORDERED** that the stay of the above-styled case entered by the Court on March 14, 2023, (ECF No. 64) is therefore lifted.

**SIGNED** this 27th day of July, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE