IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PROFESSOR MASAHIRO IIDA,<br><br>*Plaintiff*,<br><br>v.<br><br>INTEL CORPORATION,<br><br>*Defendant*. | Case No. 1:23-cv-00899-ADA<br><br>Jury Trial Demanded |

**INTEL'S OPPOSED MOTION TO STAY THE CASE
PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENT**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................2

    A. District Court Litigation..............................................................................................2

    B. IPR Proceedings..........................................................................................................2

III. ARGUMENT.........................................................................................................................3

    A. *Inter Partes* Review Is Substantially Likely To Resolve Or Simplify This Litigation....................................................................................................................3

    B. Iida Will Not Suffer Undue Prejudice From A Stay...................................................5

    C. A Stay Will Save The Parties And Court Significant Discovery, Pretrial, and Trial Costs. .................................................................................................................7

IV. CONCLUSION......................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
   No. 1:20-CV-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022).......................................6

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
   No. A-13-CA-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) .................................7

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
   No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
   2019) (Bryson, J.) ..............................................................................................................3, 5, 8

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
   No. 6:20-CV-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)............................3, 4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..................................................................................................................3

*Lone Star SCM Sys., Ltd. v. Zebra Techs. Corp.*,
   No. 6:21-CV-00842-ADA, 2023 WL 4923962 (W.D. Tex. July 31, 2023).........................4, 7

*Murata Mach. USA v. Daifuku Co., Ltd.*,
   830 F.3d 1357 (Fed. Cir. 2016).............................................................................................7, 8

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ................3, 4, 7

*Onpoint Sys., LLC v. Protect Animals With Satellites, LLC*,
   No. 4:20-CV-657, 2022 WL 2704166 (E.D. Tex. July 12, 2022) ............................................5

*Pedersen v. Oracle Corp.*,
   No. 6:22-cv-410-ADA, ECF No. 42 (W.D. Tex. Aug. 24, 2023) (attached as
   Exhibit D hereto)...................................................................................................................5, 6

*Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*,
   No. W-20-CV-00969-ADA, 2022 WL 4240937 (W.D. Tex. Aug. 16, 2022)...........................6

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) ...........................................................................................8

*Sonrai Memory Ltd. v. W. Digit. Techs., Inc.*,
   No. 6:21-cv-01168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022) ................................3

*Symantec Corp. v. Zscaler, Inc.*,
   No. 17-cv-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018).......................................7


*TC Tech. LLC v. T-Mobile USA, Inc.*,
    No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ................................ 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ............................................................................... 1, 4, 5, 6

**FEDERAL STATUTES**

35 U.S.C. § 316(a)(11) ............................................................................................................. 3

I.      INTRODUCTION

Defendant Intel Corporation respectfully moves the Court to stay this case pending resolution of the *inter partes* review ("IPR") proceedings now instituted against U.S. Patent No. 6,812,737, the only patent asserted in this case. In its IPR, Intel challenged *all* the claims of the Asserted Patent, and in its institution decision last week, the Patent Trial and Appeal Board (the "Board") found that Intel had demonstrated a reasonable likelihood that it would prevail in its obviousness contentions against *all* the claims. *See* Ex. A (Institution Decision) at 2, 34–36.[1]

The benefits of granting a stay outweigh the costs of delaying final judgment.

*First*, a stay has a substantial likelihood of simplifying the issues in this case. Because the Board has determined that all the patent claims likely "are unpatentable" (Ex. A at 37–38), in all probability the IPR will resolve this entire litigation—"the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

*Second*, a stay will not unduly prejudice Iida. Iida does not compete with Intel in the market. And despite admitting he was long aware of Intel's allegedly infringing products, Iida waited almost eight years to file this case, in which he seeks only money damages. "A stay will not diminish the monetary damages to which [Iida] will be entitled if [he] succeeds in [his] infringement suit—it only delays realization of those damages . . . ." *Id.* at 1318.

*Third*, given the stage of these proceedings, a stay will promote judicial economy and reduce the burden and expense placed on the parties. Discovery is not yet complete, the parties have taken no depositions, and the bulk of the expenses that the parties will incur during pretrial proceedings are still in the future. Because the IPR is likely to simplify these proceedings and diminish the burdens placed on the Court and the parties, a stay is warranted.

---

[1] All exhibits are attached to the Declaration of Andrew Delaplane filed concurrently herewith.

## II.  BACKGROUND

### A.  District Court Litigation

The Asserted Patent issued in 2004. *See* ECF No. 1-2 (Asserted Patent) at 2. Iida acquired the Asserted Patent in 2014. *See* Ex. B (Iida's Supplemental Responses to Intel's Interrogatories) at 8–9, 13. Although Iida claims to have believed even then that Intel infringed his patent (*id.* at 8–9), he waited nearly 8 years to file this action, ultimately filing on June 24, 2022, a mere four days before the Asserted Patent expired on June 28, 2022. *See* ECF No. 1-2 at 2.

Significant case milestones lie ahead. Fact discovery opened on August 16, 2023, and will not close until March 7, 2024. ECF No. 75 at 1. The parties will not complete critical expert discovery until May 30, 2024. *Id.* Dipositive motions and motions to strike expert testimony are not due until June 27, 2024. *Id.* at 2. The final pretrial conference is scheduled for September 5, 2024, and trial is set for September 30, 2024. *Id.* at 2.

### B.  IPR Proceedings

Meanwhile, on April 20, 2023, Intel filed an IPR petition challenging all the claims of the Asserted Patent, well within the one-year bar for timeliness. *See* ECF No. 70; Ex. A at 2. Intel argued that a Japanese patent application (Fujii), in combination with one or two prior art publications (Betz and Chow), renders all the claims obvious. Ex. A at 8–9.

In its institution decision, the Board found that Intel demonstrated a reasonable likelihood of prevailing on its obviousness challenge with respect to all the claims, and the Board instituted proceedings on both grounds presented in Intel's petition. *See* Ex. A at 34–38. The Board specifically rejected Iida's argument that Fujii does not teach or suggest "the use of a plurality of LUT units in constructing a look up table of M inputs and N outputs," as required by the claims. Ex. A at 28–30, 32. The Board also noted that Iida failed to respond to many of Intel's arguments. *See, e.g., id.* at 33, 34, 35.

According to the Board's scheduling order (*see* Ex. C at 11), briefing and oral argument for the IPR proceedings will conclude in August 2024, with the Board's final written decision due on or before November 22, 2024, subject to a six-month extension for "good cause." 35 U.S.C. § 316(a)(11).

### III.   ARGUMENT

A district court has inherent authority to control its own docket, which includes the authority to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Sonrai Memory Ltd. v. W. Digit. Techs., Inc.*, No. 6:21-cv-01168-ADA, 2022 WL 3108818, at *1 (W.D. Tex. Aug. 4, 2022) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)). A stay is "particularly justified" when the outcome of the Board proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues. *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019) (Bryson, J.); *see NFC Tech.*, 2015 WL 1069111, at *1 (collecting cases).

The Board's institution decision demonstrates that the outcome of the IPR is likely to simplify this case or resolve it in its entirety, and the three factors weigh in favor of a stay.

   **A.   *Inter Partes* Review Is Substantially Likely To Resolve Or Simplify This Litigation.**

"The most important factor bearing on whether to grant a stay" is whether the stay is likely to simplify the issues at trial. *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-

ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (quoting *NFC Tech.*, 2015 WL 1069111 at *4). Here, resolution of the IPR will simplify the litigation, and may even eliminate it entirely.

The likelihood of simplification in this case is concrete and substantial because the Board instituted IPR proceedings. As discussed above, Intel's IPR petition challenged the validity of every claim of the Asserted Patent. In its detailed institution decision, the Board explicitly determined that Intel was reasonably likely to invalidate each and every claim of the Asserted Patent, and the Board explained why Iida's arguments to the contrary were unpersuasive. Ex. A at 29–30, 32, 34–36, 37. The Board's decision contains extensive analysis of the Asserted Patent, the prior art, and how the prior art teaches the limitations in the Asserted Patent's claims. The Board also instituted proceedings against all the claims on two separate grounds, the Fujii/Betz obviousness combination and the Fujii/Betz/Chow combination. *See id.* at 9–10, 34, 37.

The Federal Circuit and this Court have both acknowledged that when the Board institutes review "on all claims of the only patent at issue, the simplification factor weighs heavily in favor of the stay." *VirtualAgility Inc.*, 759 F.3d at 1314; *see Kirsch*, 2021 WL 4555804, at *3. In *Kirsch*, for example, this Court concluded that the simplification-of-issues factor "overwhelm[ed] the other two factors," even though the close of fact discovery was only a month away, because the Board's decision demonstrated that it was likely to invalidate every asserted claim. *Kirsch*, 2021 WL 4555804, at *3. The Court also noted that "[t]he [Board's] institution decision in the Owens Corning IPR explicitly found there was a reasonable likelihood of invalidating claims 1 and 2 on at least two grounds each." *Id.* Similarly, the Board's decision here also "explicitly found there was a reasonable likelihood of invalidating" all asserted patent claims. *Id.* Here, as in *Kirsch*, the depth of the Board's analysis further supports the likelihood of simplification. *See also Lone Star SCM Sys., Ltd. v. Zebra Techs. Corp.*, No. 6:21-CV-00842-ADA, 2023 WL 4923962, at *4 (W.D.

Tex. July 31, 2023) (granting motion to stay pending IPR and noting that the Board's analysis provided an "element-by-element analysis" that "resolv[ed] most, if not all, disputes in" the defendant's favor); *Pedersen v. Oracle Corp.*, No. 6:22-cv-410-ADA, ECF No. 42 at 6 (W.D. Tex. Aug. 24, 2023) (same) (attached as Exhibit D hereto).

The Board's resolution of Intel's IPR is thus likely to free the Court from deciding any issues of validity or infringement and fully resolve this litigation. But even if the Board ultimately does not determine that all claims of the Asserted Patent are unpatentable, the issues in this case will be significantly narrowed. If the Board determines some claims are not unpatentable, then the scope of the case will be narrowed to those claims that survive challenge. Staying this case while the IPR proceeds also will permit this Court to benefit from the subject-matter expertise of the Patent Trial and Appeal Board judges who will evaluate the prior art references cited in Intel's petition to determine the validity of Iida's patent. *See CyWee Grp.*, 2019 WL 11023976, at *10; *Onpoint Sys., LLC v. Protect Animals With Satellites, LLC*, No. 4:20-CV-657, 2022 WL 2704166, at *4 (E.D. Tex. July 12, 2022) ("Even assuming that all of the patents-in-suit survive the IPR intact, the PTAB's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court." (cleaned up)).

Because the IPR proceedings are likely to simplify the issues, this factor weighs heavily in favor of a stay.

### B.   Iida Will Not Suffer Undue Prejudice From A Stay.

Iida will suffer no undue prejudice if the Court issues a stay. The Federal Circuit has explained that "whether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of [his] claim." *VirtualAgility*, 759 F.3d at 1318.

Iida's dilatory conduct when filing the present action belies any need for expeditious resolution of his claim. This Court has explained that any prejudice is minimized when the plaintiff

waits a substantial period to bring a patent infringement suit. *See TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *2 (W.D. Tex. Dec. 7, 2021) (finding diminished prejudice when the plaintiff waited eight years to sue the defendant after acquiring patent); *Pedersen*, Ex. D at 4 (finding diminished prejudice when plaintiff waited over sixteen years to sue defendant). So too here. As discussed above, Iida admits that he believed Intel infringed his patent at the time he acquired it in 2014. Nevertheless, he waited until June 24, 2022—four days before his patent expired—to file his lawsuit. Iida's eight-year filing delay weighs heavily against a finding of prejudice.

Additionally, Iida has admitted that neither he "nor any authorized licensee . . . has ever manufactured or sold a product that embodies or practices any of the claims of the Asserted Patent." Ex. B at 15. Because Iida does not produce any products or compete with Intel in the market, there is no risk that Iida will suffer erosion of his market share while the stay is in place. *See, e.g.*, *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) ("Because Bell Semic does not produce products on its patents or otherwise compete with NXP, a stay will not unduly prejudice Bell Semic's interests."); *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-CV-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16, 2022) (explaining that stays are most likely to prejudice competitors or plaintiffs with a relative share of the market).

Nor will a stay "diminish the monetary damages to which [Iida] will be entitled if [he] succeeds in [his] infringement suit—it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318. To be sure, timely vindication of patent rights is an interest that is entitled to weight, but "because that interest is present in every case where a patent owner resists a stay, that alone is insufficient to defeat a motion to stay." *TC Tech.*, 2021 WL 8083373, at *2. Iida's decision

to file his lawsuit days before his patent expired, thus foreclosing any request for injunctive relief, further confirms that "money damages would compensate any loss." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018); *see Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("The fact of the matter is Crossroads seeks exclusively monetary damages, and mere delay in collecting [monetary] damages does not constitute *undue* prejudice." (emphasis added)).

Because a stay will not unduly prejudice Iida, this factor weighs in favor of a stay.

### C. A Stay Will Save The Parties And Court Significant Discovery, Pretrial, and Trial Costs.

The present stage of litigation favors a stay. Discovery is ongoing, and fact discovery will not close until March 2024 at the earliest. *See Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (explaining that courts consider "whether discovery is complete and whether a trial date has been set"). The parties have taken no depositions and conducted no expert discovery. *See, e.g.*, *Lone Star SCM Sys.*, 2023 WL 4923962, at *2 (concluding that a case was "still in its relatively early stages" when discovery had been open for two months). Granting a stay would minimize or avoid the substantial discovery burdens and expenses that remain outstanding.

Because trial is scheduled many months from now on September 30, 2024, "the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Tech.*, 2015 WL 1069111, at *3. The deadlines for expert discovery, dispositive motions, pretrial submissions, and trial are upcoming, and "denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in the simplification (or obviation) of further court proceedings." *Id.* The Federal Circuit and other courts have recognized that "even after the completion of claim construction and most of the discovery in the case, the most burdensome part of the case, for both the parties and

the court, is the period immediately before, during, and after trial." *CyWee Grp.*, 2019 WL 11023976, at *6; *see Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015). Here, the IPR proceedings may greatly, if not completely, simplify or resolve this litigation and reduce the burden on the litigants and the Court inherent in these pretrial proceedings. *See Murata Mach.*, 830 F.3d at 1362 ("The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh.").

Given the significant burdens and expenses of discovery, pretrial, and trial yet to be imposed on the parties and the Court, and because the IPR will likely simplify the issues in this case, this factor favors a stay.

## IV. CONCLUSION

The benefits of a stay outweigh the inherent costs of postponing the litigation. Intel therefore respectfully requests that the Court enter a stay to remain in effect until Intel's IPR, including any appeal therefrom, is finally resolved.

Dated: November 30, 2023

Respectfully submitted,

By: */s/ Zachary M. Briers*
Brian C. Nash (TX Bar No. 24051103)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (737) 309-0700 BNash@mofo.com

J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6401
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

Gregory P. Stone (*pro hac vice*)
California State Bar No. 78329
Zachary M. Briers (*pro hac vice*)
California State Bar No. 287984
Vinny Y. Ling (*pro hac vice*)
California State Bar No. 325228
Faye P. Teller (*pro hac vice*)
California State Bar No. 343506
Andrew J. Delaplane (*pro hac vice*)
California State Bar No. 329825
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

Andrew T. Nguyen (*pro hac vice*)
California State Bar No. 331847
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
(415) 512-4000

J. Kain Day (*pro hac vice*)
California State Bar No. 322372
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
(202) 220-1100

*Attorneys for Defendant Intel Corporation*

## CERTIFICATE OF CONFERENCE

On November 22, 2023, pursuant to Local Rule CV-7, counsel Heather Takahashi for Defendant informed Plaintiff's counsel of Defendant's intent to file this motion. On November 28, 2023, Defendant's counsel met and conferred with Plaintiff's counsel, who indicated that he is opposed to the relief sought by this motion.

Dated: November 30, 2023

By: */s/ Andrew J. Delaplane*
Andrew J. Delaplane

*Attorney for Defendant Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing sealed documents via electronic mail and publicly filed documents via the Court's CM/ECF system on November 30, 2023.

Dated: November 30, 2023

By: */s/ Andrew J. Delaplane*
Andrew J. Delaplane

*Attorney for Defendant Intel Corporation*